## HAGAN v. WHITE. (No. 7851.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 21, 1927.

Rehearing Denied Jan. 18, 1928.

1. Mechanics' liens ⚙⟶271(1)—Petition seeking to foreclose materialman's lien held sufficient on general demurrer.

In action to foreclose materialman's lien on realty, first amended original petition and trial amendment *held* sufficient on general demurrer.

2. Appeal and error ⚙⟶907(3)—In absence of statement of facts, it will be presumed on appeal that facts essential to judgment were shown by evidence.

Where no statement of facts accompanies record, it will be presumed on appeal that all facts essential to judgment were shown by evidence.

Error from District Court, Dallas County; T. A. Work, Judge.

Suit by A. M. White against Mrs. M. J. Hagan to foreclose a materialman's lien. Judgment for plaintiff, and defendant brings error. Affirmed.

John A. Rawlins and W. I. Gamewell, both of Dallas, for plaintiff in error.

Goode & Van Nort, of Dallas, for defendant in error.

SMITH, J. The appeal is from a judgment foreclosing a "constitutional materialman's lien" upon real property owned by plaintiff in error and situated in the city of Dallas. The briefs of the parties are unsatisfactory, and point out no order, judgment, or other proceeding by which this court is enabled to ascertain the basis of the parties' contentions. None of the pleadings, or record references thereto, are set out in plaintiff in error's brief; no authorities are cited; no statement is made under the one proposition of law propounded; and no argument is presented except that it is suggested that, "should this honorable court find that fundamental error apparent on the face of the record exists in this case, then we ask that the case be reversed and rendered, or reversed and remanded for a new trial as the court may deem proper and just."

[1] In her one proposition of law, plaintiff in error contends that defendant in error "failed to allege a cause of action" against her. Defendant in error's pleadings consist of a first amended original petition and a trial amendment. In these pleadings defendant in error alleged, that, at plaintiff in error's request, he furnished her certain materials and supplies, at certain agreed prices, which were used in constructing improvements on the lots upon which the lien was foreclosed, that verified accounts thereof were filed with the proper authority under the law, and that no part of the account had been paid. These allegations are sufficient as against a general demurrer.

[2] As no statement of facts accompanies the record, it will be presumed in support of the judgment that all the facts essential to the judgment were shown by the evidence.

The record discloses no fundamental error, and the judgment must be affirmed.